| **Brecht v 24 W. 89th St., LLC** |
|:---:|
| 2024 NY Slip Op 33548(U) |
| October 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157267/2019 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                              PART                    **14**

_Justice_

-------------------------------------------------------------------------------X

PATRICIA BRECHT,

| | |
|---|---|
| INDEX NO. | 157267/2019 |
| MOTION DATE | 09/27/2024 |
| MOTION SEQ. NO. | 003 |

Plaintiff,

- v -

24 W. 89TH ST., LLC, MARK D. MILITANA

Defendants.

-------------------------------------------------------------------------------X

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 107, 108, 109

were read on this motion to/for                    VACATE/STRIKE - NOTE OF ISSUE           .


Defendant 24 W. 89th St. LLC's ("Movant") motion to vacate the note of issue is denied; however, defendant Militana must respond to the subject post-EBT demand on or before October 22, 2024.

**Background**

In this trip and fall action, Movant seeks to vacate the note of issue on the ground that co-defendant Militana failed to respond to Movant's post-EBT demands. According to Movant, it owns fifty percent of the premises while defendant Militana owns the other fifty percent. Moreover, the estate of Angelina Militana owns one hundred percent of Movant (the estate contains three co-executors including defendant Militana).

Movant observes that it served post-EBT demands in May 2024 on defendant Militana following his deposition and that he has not yet responded despite two court orders directing him to do so. It points out that the parties entered into a discovery stipulation (NYSCEF Doc. No. 77) in which there were only two items remaining, including the post-EBT demands. The Court so-

[* 1]

ordered this stipulation and ordered that a note of issue be filed after the deadline for Militana to respond had expired as the stipulation indicated that all other discovery was complete.

Plaintiff contends in opposition that she has complied with all outstanding discovery obligations and that this case should not be delayed due to a dispute between the defendants.

**Surrogate's Court Issues**

As an initial matter, the Court observes that the defendants utilized the instant motion as an opportunity to raise extraneous issues that are not properly before this Court. Movant's counsel observes that defendant Militana recently argued for the first time that Movant's law firm has no authority to represent Movant. Movant contends that the Surrogate's Court has acknowledged that there are three executors (Fred Militana, defendant Mark Militana and Steve Fabian) in a decree but has not yet issued letters testamentary due to an issue with a testamentary trustee. Movant's counsel observes that the two other executors (Fred and Steve) hired his firm to represent Movant in this case.

Defendant Militana contends that no one has been appointed as executor of Angelina Militana's estate and so no one can act on behalf of the estate. He argues that the reason cited for the lack of letters testamentary is of no moment. Militana claims that contrary to Movant's position, he need not move for a protective order as the demand is a nullity.

Movant counters that the discovery demands seek liability insurance records for the property where plaintiff was injured from defendant Militana. It emphasizes that these records are important for Movant's contention that Militana had a duty of care to maintain the property.

**Discussion**

The Court denies the motion to vacate, but orders – for the third and final time - that defendant Militana has until October 22, 2024 to respond to the post-EBT demands. If Militana fails to turn over these simple records, then another motion may be made for appropriate penalties.

While the parties devote substantial time discussing matters related to the Surrogate's Court proceeding, the fact is that defendant Militana entered into a stipulation on *two* separate occasions in which he agreed to respond to the post EBT demands (NYSCEF Doc. No. 71 and 77). Critically, both of those stipulations were so-ordered by this Court. Moreover, counsel for Movant was also a signatory to both of those stipulations, which means Militana had ample opportunity to raise the aforementioned "lack of capacity" to represent Movant argument in connection with these discovery orders.

And yet he voluntarily entered into these orders and did not raise anything until after Movant made the instant motion, at which point Militana claimed for the first time that these discovery demands were some sort of nullity. That argument rings hollow given the procedural posture and it is of no moment because these were Court orders. It is disingenuous, to say the least, to enter into discovery stipulations so-ordered by the Court, only to claim months later that these Court orders need not be followed. Even more curious is that despite Militana's newfound objection to these discovery demands, he did not make any motion or cross-motion based on his assertions; he only raised this argument in opposition. In any event, to make it clear for Militana, this is a Court order directing him to produce the documents that is not part of a stipulation.

The Court declines to strike the note of issue. The fact is that this 2019 case is a simple trip and fall; the plaintiff should not be delayed even longer because of the defendants' family

[* 3]

fights. Militana's response can be provided well in advance of the deadline to file dispositive motions.

The Court also declines to sanction Militana at this time; however, if he fails to comply with this order, then the Court may impose proper penalties. Eventually, in Surrogate's Court, there will be an accounting and the parties will settle up. But the plaintiff does not have to wait until then – she has waited long enough and her case can proceed even if the co-defendants want to keep fighting with each other.

Accordingly, it is hereby

ORDERED that defendant 24 W. 89th St. LLC's motion to vacate the note of issue is denied; and it is further

ORDERED that defendant Militana must respond to the post-EBT demand identified in NYSCEF Doc. No. 77 on or before October 22, 2024.

| __10/07/2024__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | GRANTED | | DENIED | GRANTED IN PART | **X** | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]